# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# (SOUTHERN DIVISION)

| | | |
|---|---|---|
| **Cadence Bank,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 24-cv-601 |
| v. | § | |
| | § | |
| **4K Holdings, Inc., Zachery K. Frazier and the Rogers Family Irrevocable Trust dated January 20, 2022** | § § § § § | |
| | § | |
| *Defendants*. | § | |

## CADENCE BANK'S
## ORIGINAL COMPLAINT

COMES NOW, Cadence Bank, a Mississippi state-chartered bank ("**Bank**"), and for its complaint against defendant 4K Holdings, Inc. ("**Borrower**"), Zachery K. Frazier ("**Frazier**"), and The Rogers Family Irrevocable Trust dated January 20, 2022 (the "**Rogers Trust**" and, together with Frazier, collectively, the "**Guarantor**" and, together with Borrower, each individually a "**Defendant**", and collectively, the "**Defendants**"), would respectfully show as follows:

### I. PARTIES AND CITIZENSHIP

1. Plaintiff Bank is a state banking corporation organized under the laws of the State of Mississippi with principal place of business in Tupelo, Mississippi.

2. Defendant Borrower is an Alabama corporation with its principal place of business and main office in Opelika, Alabama. Defendant Borrower's president and majority stockholder, Kent D. Rogers ("**K. Rogers**"), is an adult citizen of the State of Alabama residing in Lee County, Alabama.

3. Defendant Frazier is adult citizen of the State of Alabama residing in Lee County, Alabama.

4. Defendant Rogers Trust is a trust organized under the laws of Alabama. Defendant Rogers Trust's trustee, Kimberly S. Rogers, is an adult citizen of the State of Alabama residing in Lee County, Alabama.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy is in excess of $75,000.00.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## III.   FACTS

### Loan from Bank to Borrower

7. On or about May 16, 2022, Bank made loan to Borrower in the principal amount of $490,000.00 (the "**Loan**"). The Loan is evidenced by, among other documents, that certain Note executed by Borrower and made payable to the order of Bank in the stated principal amount of $490,000.00 together with interest

as stated therein (the "**Note**"). A true and correct copy of the Note is attached hereto as **Exhibit A** and is incorporated by reference herein.

8. The Note required Borrower to make consecutive monthly payments of principal and interest in the amount of $5,440.00 on the second (2nd) day of each month beginning two months from the date of the Note and continuing until the maturity of the Note on May 16, 2032, on which date all remaining amounts due under the Note are to be paid to Bank.

9. The Note further provides that if any payment required to be paid by Borrower is more than ten (10) days late, Bank may charge Borrower a late fee of up to 5.00% of the unpaid portion of the regularly scheduled payment.

10. The Loan and the Note are secured by a Security Agreement executed by Borrower dated May 16, 2022 (the "**Security Agreement**"). Pursuant to the Security Agreement, Borrower granted a security interest in all its business assets and equipment (as described in more detail in the Security Agreement, the "**Collateral**"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit B** and is incorporated by reference herein.

11. On May 16, 2022, Frazier executed and delivered an Unconditional Guarantee (the "**Frazier Guaranty**") to Bank pursuant to which Frazier, among other things, unconditionally guaranteed payment of all amounts owing under the

Note. A true and correct copy of the Frazier Guaranty is attached hereto as **Exhibit C** and is incorporated by reference herein.

12. Also on May 16, 2022, the Rogers Trust executed and delivered an Unconditional Guarantee (the "**Rogers Trust Guaranty**") to Bank pursuant to which Rogers Trust, among other things, unconditionally guaranteed payment of all amounts owing under the Note. A true and correct copy of the Rogers Trust Guaranty is attached hereto as **Exhibit D** and is incorporated by reference herein.

13. Also on May 16, 2022, K. Rogers executed and delivered an Unconditional Guarantee (the "**K. Rogers Guaranty**") to Bank pursuant to which K. Rogers, among other things, unconditionally guaranteed payment of all amounts owing under the Note. A true and correct copy of the K. Rogers Guaranty is attached hereto as **Exhibit E** and is incorporated by reference herein.

14. The Note, the Security Agreement, the Frazier Guaranty, the Rogers Trust Guaranty and the K. Rogers Guaranty are collectively referred to as the "**Loan Documents**".

15. The Note provides that Bank is entitled to recover costs of collection of all amounts owing under the Note or in connection with the enforcement of the Note, including, without limitation, reasonable attorneys' fees and expenses.

## Defaults under the Loan

16. Beginning in June 2023, Borrower failed to make its monthly payments owing under the Note (the "**Payment Default**"), which constitutes a Default under Section 4(A) of the Note.

17. On or about May 23, 2024, the K. Rogers voluntarily filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Alabama, Case No. 24-80611 (the "**Insolvency Default**").[1]

18. Under Sections 3(c) and 3(g) of the Security Agreement, the commencement of any proceedings by any Guarantor under the Bankruptcy Code seeking to adjudicate if bankrupt or insolvent constitutes a default.

19. As set forth above, Borrower defaulted under the Loan Documents as a result of the Payment Default and the Insolvency Default (collectively, the "**Defaults**").

20. By letter dated June 20, 2024, counsel for Bank sent Borrower that certain *Notice of Default, Demand for Repayment, and Reservation of Rights* (the "**Default Notice**") (i) notifying the Defendants of the Defaults, (ii) providing Defendants ten (10) days to repay the past-due balance due and owing under the Note, and (iii) notifying Defendants that all amounts outstanding under the Note would be accelerated if the past-due balance due and owing under the Note was not

---

[1] For the avoidance of doubt, nothing herein is, nor shall be construed as, an act to collect, assess or recover any claim against K. Rogers or to otherwise attempt to enforce Bank's claim against the K. Rogers or the property of the K. Rogers that is now part of the K. Rogers's bankruptcy estate.

paid within that 10-day window. A true and correct copy of the Default Notice is attached hereto as **Exhibit F** and incorporated herein by reference.

21. Despite the Default Notice, the Defendants failed to pay the past-due balance due and owing under the Loan Documents within the 10-day window.

22. On July 22, 2024, undersigned counsel for Plaintiff sent Defendants that certain *Notice of Acceleration* (the "**Acceleration Notice**") accelerating all amounts due and owing under the Note. A true and correct copy of the Acceleration Notice is attached hereto as **Exhibit G** and incorporated herein by reference.

23. As of September 23, 2024, the principal indebtedness due and owing under the Note is $447,477.57, which sum does not include unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Bank in collecting the indebtedness owing under the Note, and other legally recoverable amounts.

## IV.  CAUSES OF ACTION

### Count 1 – Breach of Contract
### (Borrower - the Note)

24. Plaintiff incorporates the foregoing allegations herein as if restated *in toto*.

25. The Note is a valid and binding contract.

26. Plaintiff has performed or tendered performance of its obligations under the Note.

27. Borrower has failed to perform its obligations under the Note and is in default and in breach of its obligations under the Note, despite Plaintiff's written demand.

28. As a consequence of Borrower's defaults under the Note, Plaintiff has suffered damages as set out herein.

WHEREFORE, premises considered, Plaintiff prays for judgment against Borrower in the amount of $447,477.57, together with all accrued and accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Plaintiff in collecting the indebtedness. Plaintiff prays for such other and further relief as this Court deems appropriate.

### Count 2 – Breach of Contract
### (Frazier – Frazier Guaranty)

29. Plaintiff incorporates the foregoing allegations herein as if restated *in toto*.

30. The Frazier Guaranty is a valid and binding contract.

31. Pursuant to the Frazier Guaranty, Frazier guaranteed the payment in full of all indebtedness presently due and owing, or which may in the future become due and owing, to Bank from Borrower (including the indebtedness under the Loan Documents).

32. Bank has fulfilled its obligations, if any, under the Frazier Guaranty.

33. Frazier is in breach of the Frazier Guaranty for, among other reasons, failing to pay the entire indebtedness due and owing by Borrower to Bank under the Loan Documents despite written demand from Bank.

34. As a consequence of Frazier's breach of the Frazier Guaranty, Bank has suffered damages as set out herein.

WHEREFORE, premises considered, Plaintiff prays for judgment against Frazier in the amount of $447,477.57, together with all accrued and accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Plaintiff in collecting the indebtedness. Plaintiff prays for such other and further relief as this Court deems appropriate.

### Count 3 – Breach of Contract
### (Rogers Trust – Rogers Trust Guaranty)

35. Plaintiff incorporates the foregoing allegations herein as if restated *in toto*.

36. The Rogers Trust Guaranty is a valid and binding contract.

37. Pursuant to the Rogers Trust Guaranty, the Rogers Trust guaranteed the payment in full of all indebtedness presently due and owing, or which may in the future become due and owing, to Bank from Borrower (including the indebtedness under the Loan Documents).

38. Bank has fulfilled its obligations, if any, under the Rogers Trust Guaranty.

39. The Rogers Trust is in breach of the Rogers Trust Guaranty for, among other reasons, failing to pay the entire indebtedness due and owing by Borrower to Bank under the Loan Documents despite written demand from Bank.

40. As a consequence of the Rogers Trust's breach of the Rogers Trust Guaranty, Bank has suffered damages as set out herein.

WHEREFORE, premises considered, Plaintiff prays for judgment against The Rogers Trust in the amount of $447,477.57, together with all accrued and accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Plaintiff in collecting the indebtedness. Plaintiff prays for such other and further relief as this Court deems appropriate.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: */s/ Nolan S. Clark*
Nolan S. Clark

*Counsel for Cadence Bank*

**OF COUNSEL:**

Cathy Moore
Nolan S. Clark
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North

Birmingham, Alabama 35203  
Telephone: (205) 521-8000  
ccmoore@bradley.com  
nclark@bradley.com

**PLEASE RETURN SUMMONS AND COMPLAINT TO PLAINTIFF'S COUNSEL FOR SERVICE ON DEFENDANTS AS FOLLOWS:**

4K Holdings, Inc.
3720 Pepperell Parkway
Opelika, Alabama 36801

4K Holdings, Inc.
739 Towne Lake Parkway
Opelika, Alabama 36904-3225

The Rogers Family Irrevocable Trust dated January 20, 2022
Attn: Kimberly S. Rogers, Trustee
739 Towne Lake Parkway
Opelika, Alabama 36804-3225

Zachery K. Frazier
2699 Wimberly Road
Auburn, Alabama 36832